Case 5.

## Commonwealth vs. Cummins.

APPEAL FROM WHITLEY CIRCUIT.

1. A magistrate has power to examine and commit one charged with a criminal offense, or admit to bail. (*Crim. Code, sec.* 46.) If a justice of the peace, two must act.

2. Judges of county courts, judges of police or city courts, mayors, chairmen of the trustees of towns, and justices of the peace, are all *magistrates* within the meaning of the Crim. Code—*see sec.* 23—and authorized to examine, commit, or admit to bail, those charged before them with the commission of felony, except in cases where the offender is brought before a justice of the peace, in which case he must associate with him another justice of the peace, who may examine and commit, or discharge, or bail the accused.

3. When a recognizance is taken, by one who is authorized to take it, substantially conforming to the 77*th sec. of the Crim. Code,* from one who is legally in custody, charged with a public offense, it is valid.

CASE STATED.

On the 15th October, 1854, John Smith, Presiding Judge of the Whitley County Court, issued his warrant for the arrest of Moses Cummins, charging with killing William Sammons, by stabbing him with a knife.

Cummins being arrested and brought before the County Judge, and the facts examined into, the Judge decided that the case should be taken before the Circuit Court, and that the defendant might be admitted to bail in the sum of $400. The defendant, with five others, executed a bail bond according to the form prescribed by the Criminal Code, for his appearance before the Circuit Court of Whitley county, on the first day of the next term thereof.

The defendant failing to appear before the Circuit Court according to his bond, an order was made taking the bond as forfeited, and a summons ordered against the principal and the sureties in the bond. Upon the return of the summons the defendants demurred, and the demurrer was sustained by the court, and the principal and sureties all released. From that judgment the Commonwealth has appealed.

*James Harlan, Attorney General,* for the Common-
wealth—

The grounds upon which the Circuit Court releas-
ed the sureties are no where stated in the record.
I think it probable it was upon the authority of the
case of *Bowman vs. Commonwealth,* 14 *B. Mon.,* 390,
in which it was decided, that a County Judge had no
power to take a recognizance in a criminal case.
That decision was made under the act of 1851, which
is superseded by the Criminal Code of Practice,
which took effect July 1, 1854. We must therefore
look to the Code to ascertain whether the County
Judge had the power to take a recognizance in a
criminal case in December, 1854. The term "mag-
istrate," in the Code, means judges of the county
courts, judges of city or police courts, mayors, &c.,
&c. *Sec.* 23.

*Sec.* 46 provides, that "a magistrate of the county,
in which the public offense has been committed, is
authorized to examine the charge, and commit to
jail, or *hold to bail,* the person charged with its com-
mission."

*Sec.* 59 is to the same effect.

*Sec.* 66 provides, that "if the magistrate before
whom the defendant is brought for an examination
of the charge against him, is a *justice of the peace,*
and the offense charged is a *felony,* he shall proceed
with such defendant to another justice of the county,
who shall be associated with him, and the two com-
pose the examining court, and perform the duties,"
&c.

I have not found any provision in the Code which
requires that a justice of the peace shall be associa-
ted with the county judge as provided in the act of
1851, under which the case of *Bowman vs. The Com-
monwealth* was decided.

*Sec.* 80 provides, that no bail bond shall be adjudg-
ed defective for any supposed defects set forth in that
section.

COMMONWEALTH
*vs.*
CUMMINS.

It seems to me, therefore, the circuit court erred in sustaining the demurrer to the summons, and discharging the obligors in the bail bond from all responsibility thereon.

June 2, 1857.

Judge SIMPSON delivered the opinion of the court:

The question to be decided in this case is, whether, under the provisions of the Criminal Code, a county judge has the power, where the offense charged against a defendant is a felony, to examine the charge, and commit to jail, or hold to bail, the person charged with its commission.

In the case of *Bowman vs. Commonwealth*, 14 *B. Mon.*, 390, it was decided, that a county judge was not authorized, by law, to take a recognizance in a criminal case. That decision, however, was not made under the provisions of the Criminal Code, but under a previous statute, and does not apply to the present case.

1. A *magistrate* has power to examine and commit one charged with a criminal offense, or admit to bail. (*Crim. Code, sec.* 46.) If a justice of the peace, two must act.

2. Judges of county courts, judges of police or city courts, mayors, chairmen of the trustees of towns, and justices of the peace, are all *magistrates* within the meaning of the Crim. Code—*see sec.* 23 —and authorized to examine, commit, or admit to bail, those charged before them with the commission of felonies, except in cases where

By the 46*th section of the Criminal Code*, a magistrate of the county in which the public offense has been committed, is authorized to examine the charge, and to commit to jail, or hold to bail, the person charged with its commission.

Judges of the county courts, judges of city or police courts, mayors, chairmen of the trustees of towns, and justices of the peace, are all denominated magistrates in the Criminal Code—*see section* 23. Any one of them would, therefore, be authorized by the 46*th section*, if the Code contained no other provision on the subject, to examine the charge against a prisoner, even where the offense amounts to a felony, to take a recognizance and discharge him on bail, if the offense be bailable. But the 66*th section* provides, that if the magistrate before whom the defendant is brought for an examination of the charge against him, is a justice of the peace, and the offense charged is a felony, he shall proceed with such defendant to another justice of the county, who shall be associated with him, and the two shall compose the examining court, and perform the duties, and ex-

ercise the powers conferred by the Code upon an examining court. This, however, is an exception to the authority conferred upon a single magistrate by the 46th section, and is the only exception contained in the Code.

It follows, therefore, that a county judge, or a judge of a city or police court, may, by himself, hold an examining court in a criminal case, and commit to jail, or hold to bail, the person charged with the commission of the offense. Consequently, the objection made to the recognizance in this case, because it was taken by a county judge, cannot be sustained.

The undertaking of the bail was substantially that prescribed by the 77th section of the Criminal Code, and seems to be in every respect unobjectionable. But even if the recognizance were to some extent defective, it cannot, under the operation of the 80th section of the Code, be deemed to be invalid, if it be made to appear that the defendant was legally in custody, charged with a public offense, and that he was discharged therefrom by reason of the giving of the bond, and it can be ascertained from the bond, that the bail undertook the defendant should appear before a court for the trial thereof, all of which sufficiently appears in this case.

Wherefore, the judgment is reversed, and cause remanded, with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.

the offender is brought before a justice of the peace, in which case he must associate with him another justice of the peace, who may examine and commit, or discharge, or bail the accused

3. When a recognizance is taken, by one who is authorized to take it, substantially conforming to the 77th sec. of the Crim. Code, from one who is legally in custody, charged with a public offense, it is valid.